**Clarence STEPHENSON,**
**Plaintiff–Appellant,**

v.

**TOWNSHIP OF THORNTON, et al., Defendants–Appellees.**

**No. 00–3154.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001 *.

Decided Sept. 10, 2001.

Before Hon. FLAUM, Chief Judge, Hon. EASTERBROOK, Hon. KANNE, Circuit Judges.

### ORDER

Clarence Stephenson was hired as a maintenance and custodial worker for Thorton Township, Illinois, in August 1998. Stephenson sustained a back injury while working in September 1998 and afterward attended work sporadically in October 1998 and worked only three hours between

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

January and March 1999. He left work on March 15, 1999 and did not return. He then filed a charge of racial discrimination, claiming that he resigned from his job due to racial harassment he suffered from October 1998 to March 1999. The district court granted defendants' motion for summary judgment.

Stephenson appeals the district court's judgment, but makes no discernable argument in his brief. He does not cite any legal authority to undermine the district court's decision and does not even address the grant of summary judgment in his brief. His brief does not include a statement of the issues, any presentation of the procedural history or relevant facts, or argument, and thus fails to comply with the requirements of Rule 28(a). *See* Fed. R.App. P. 28(a). We recognize the difficulties in proceeding pro se, but Stephenson's brief must contain at least some legal argument and supporting authority. *See* Fed. R.App. P. 28(a)(9); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam). We construe pro se pleadings liberally, *Whitford v. Boglino*, 63 F.3d 527, 535 n. 10 (7th Cir.1995), but we cannot cure the substantial deficiencies in Stephenson's brief by creating legal arguments for him, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Although we are reluctant to dismiss the case of a pro se litigant on procedural grounds, we may not review this appeal because Stephenson has failed to comply with basic requirements designed to promote our interest in the uniform administration of justice. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Accordingly, we DISMISS the appeal.